IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHAD HILL, on behalf of himself and others similarly situated, | |
| *Plaintiff*, | Civil Action No. 3:22-CV-97 |
| v. | |
| PEPPERIDGE FARM, INC., | |
| *Defendant*. | |

**JOINT MOTION TO DISMISS WITH PREJUDICE
AND FOR APPROVAL OF SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Chad Hill ("Plaintiff") and Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") hereby jointly move to dismiss with prejudice, with each party to bear its own costs, Plaintiff's claims against Pepperidge Farm in the above-captioned action, and for approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). This Joint Motion and the relief requested herein do not impact any rights of any members of the putative collective or class as defined in Plaintiff's Complaint. In support of this Joint Motion, the Parties state as follows:

1. Plaintiff filed this lawsuit on February 17, 2022. ECF No. 1. It asserts claims under the Fair Labor Standards Act ("FLSA") and Virginia Code §§ 40.1-28.7:7, 40.1-29.2, and 40.1-29. *Id.* Specifically, Plaintiff alleges that Pepperidge Farm misclassified him as an independent contractor rather than an employee and, as a result, failed to pay him in accordance with the FLSA. *Id.* Pepperidge Farm moved to dismiss Plaintiff's claims (ECF No. 5) and filed an Answer to the Complaint, denying all liability and filed a contingent counterclaim against Plaintiff. ECF No.12.

When Plaintiff filed an Amended Complaint (ECF No. 20), Pepperidge Farm again moved to dismiss Plaintiff's claims, denying all liability. ECF No. 23. After engaging in this motions practice and discovery, the Parties still dispute whether Plaintiff was improperly classified as an independent contractor and whether Plaintiff worked over 40 hours in any workweek.

2. Nonetheless, recognizing the burdens and risks of protracted litigation, the Parties now desire to resolve Plaintiff's claims and to dismiss this action with prejudice. As a result, the Parties respectfully request that the Court approve the settlement because it is fair and reasonable, as it (1) resolves a bona fide dispute between Plaintiff and Pepperidge Farm, (2) enables the parties to avoid the burdens of litigation in light of the litigation risks facing both Parties, and (3) is the product of arm's-length negotiations between experienced and competent counsel.[1]

3. In deciding whether to approval settlement of the FLSA action, the Court must decide the settlement is fair. *Baust v. City of Virginia Beach*, 574 F. Supp. 3d 358, 365 (E.D. Va. 2021). There is a strong presumption in favor of finding settlement agreements fair. *Id.* To determine whether a settlement is fair, the Court may consider, *inter alia*, the extent of discovery that has taken place, the stage of the proceedings, any indications of fraud or collusion in the settlement, experience of counsel, and the probability of plaintiff's success on the merits and the amount of settlement in relation to potential recovery. *Id.* at 365–66.

4. The Parties were able to resolve this litigation in principle shortly before the discovery deadline. Although the Parties have exchanged written discovery, only one deposition was completed. "[I]t can be beneficial to settle a case before discovery [is complete] as a way to save resources." *Kuntze v. Josh Enterprises, Inc.*, No. 2:18-cv-38, 2019 WL 2179220, at *2 (E.D.

---

[1] Contemporaneous with this filing the parties have provided the Court with a copy of the Settlement Agreement for *in camera* review.

Va. May 20, 2019). At the same time, there has been a sufficient exchange of information for the parties "to narrow the issues in the case and adequately assess the likelihood of success at trial." *Baust*, 574 F. Supp. 3d at 365.

5. Although the Court recently ruled on a Motion to Dismiss, the Parties have not yet moved for summary judgment or class certification or prepared for trial. "The likely expense and duration of pursuing this action from this point all the way to trial weighs in favor of finding the settlement fair and reasonable" because the portion of the Settlement representing damages (as opposed to the buyback value of Plaintiff's route) "is relatively low in comparison to what it would cost in time and money to pursue this action further." *Kuntze*, 2019 WL 2179220, at *2.

6. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Baust*, 574 F. Supp. 3d at 366. Here, there is no evidence of fraud or collusion. "The parties negotiated at arms-length and neither Plaintiff[], nor Defendant, object to the Settlement Agreement." *Id.*

7. Plaintiff and Pepperidge Farm are both represented in this action by multiple attorneys with "civil litigation experience with particular emphasis in wage and hour collective and class actions." *Id.* This weighs in favor of settlement approval. *Id.*

8. Finally, "[s]hould this case proceed to trial, a jury would have to resolve the fact-bound issues that pervade." *Id.* Plaintiff acknowledges that should the matter proceed through litigation, Plaintiff's claims may fail, he may not recover at all, and/or he may be subject to liability pursuant to Pepperidge Farm's counterclaim. Pepperidge Farm likewise recognizes that liability could attach to a favorable ruling for Plaintiff. "Even though there is a possibility that Plaintiff is entitled to full recovery, there is also a possibility that Plaintiff is entitled to a lesser amount of damages or to no damages at all. Thus, the probability of full recovery is not so great as to outweigh

the benefits of settlement in this case." *Kuntze*, 2019 WL 2179220, at *3. This is particularly true in this case where Pepperidge Farm has asserted a contingent counterclaim against Plaintiff which would potentially entitle Pepperidge Farm to recovery if Plaintiff succeeded on his claims.

9. The "overriding public interest in favor of settlement" also weighs in favor of settlement approval in this case. *Baust*, 574 F. Supp. 3d at 367.

10. Taken together, the Parties respectfully submit that the settlement reflects a fair and reasonable compromise of disputed issues. The Parties therefore request that the Court grant this motion and enter an Order (1) dismissing with prejudice, with each party to bear its own attorney's fees, expenses and costs, Plaintiff's claims and Pepperidge Farm's counterclaim in the above-captioned action, and (2) approving the Parties' settlement of Plaintiff's claims and the associated release of claims.

11. A proposed order consistent with this motion is being submitted contemporaneously herewith.

WHEREFORE, the Parties respectfully request that the Court grant their Joint Motion and (1) dismiss this action with prejudice, and (2) approve the Parties' settlement as fair and reasonable.

Dated: September 2, 2022                    Respectfully submitted,

/s/ Christopher M. Michalik
Christopher M. Michalik (VSB No. 47817)
Paul T. Atkinson (VSB 92876)
Laura J. Cooley (VSB 93446)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: 804-775-1000
Fax: 804-775-1061
cmichalik@mcguirewoods.com
patkinson@mcguirewoods.com
lcooley@mcguirewoods.com

*Counsel for Pepperidge Farm, Inc.*


Harris D. Butler, III (VSB No. 26483)
Craig Juraj Curwood (VSB No. 43975)
Zev. H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648 -4848
Facsimile: (804 237-0413
harris@butlercurwood.com
craig@butlercurwood.com
zev@butlercurwood.com
paul@butlercurwood.com

Aaron S. Book (VSB No. 43868)
Steven T. Webster (VSB No. 31975)
Webster Book LLP
abook@websterbook.com
swebster@websterbook.com
300 N. Washington St., Suit 404
Alexandria, VA 22314
Phone and Fax: 888-987-9991
Cell: 202-281-4890

*Attorneys for Plaintiff Chad Hill*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

                                        */s/ Christopher M. Michalik*
                                        Christopher M. Michalik (VSB No. 47817)
                                        McGuireWoods LLP
                                        Gateway Plaza
                                        800 East Canal Street
                                        Richmond, VA 23219
                                        Tel: 804-775-1000
                                        Fax: 804-775-1061
                                        cmichalik@mcguirewoods.com